UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ROY DEAN BARMORE** | * | **CIVIL ACTION NO.  16-0363** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On July 27, 2016, the court notified plaintiff Roy Dean Barmore, who is proceeding pro se in this matter, that it was considering dismissing his case because he failed to perfect service of process within 90 days after filing suit.  (July 27, 2016, Notice of Intent to Dismiss [doc. # 7]). The court granted plaintiff 14 days from the date of the order to perfect and file the return(s) of service, or to file evidence of good cause for his failure to timely perfect same.  *Id*.

On August 9, 2016, the United States Postal Service returned to the Clerk of Court the court's July 27, 2016, order, with a notation on the envelope stating "Return to Sender, Not Deliverable as Addressed, Unable to Forward."  [doc. # 8].  The Clerk of Court called plaintiff at the telephone number that he provided to the court, and left two messages.  However, there is no indication that he ever returned the call, or otherwise provided the court with a correct address. Needless to say, he also did not explain his failure to serve the government.

## Law and Analysis

In the absence of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must dismiss*

the action without prejudice against that defendant . . ." Fed.R.Civ.P. 4(m) (emphasis added).  In the case *sub judice*, plaintiff neither provided any explanation for the lack of service, nor requested an extension of time to properly perfect service.  Accordingly, good cause is lacking.[1]

The Federal Rules of Civil Procedure further provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Local Rule 41.3 provides that,

> [t]he failure of an attorney or a pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Here, more than 30 days have elapsed since the court's notice of intent to dismiss was returned as

---

[1] "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).  Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).
While the court is cognizant of plaintiff's pro se status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

undeliverable, without any notification by plaintiff as to his correct address.

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff h[er]self and not h[er] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal that is effectively *with prejudice* are satisfied in this case. As discussed above, plaintiff has ignored at least one court order. Further, because plaintiff is proceeding in forma pauperis in this matter, he likely does not enjoy the financial resources to fund an alternative monetary sanction.[2] Moreover, dismissal of the case may be the least sanction where, as here, plaintiff is not actively pursuing his cause of action. Finally, plaintiff's unrepentant flaunting of court orders[3] reflects his own

---

[2] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[3] This report and recommendation itself provides plaintiff with further notice of his non-compliance.

contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to him as a pro se litigant.  Accordingly,

    IT IS RECOMMENDED that the instant complaint be DISMISSED, without prejudice. Fed.R.Civ.P. 4(m), 41(b) and LR 41.3W.

    Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

    **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

    In Chambers, at Monroe, Louisiana, this 3rd day of October 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[4] *See Millan, supra*.